IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARVIN YOUNG, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 5:17-cv-00506-MTT-MSH |
| | : |
| GEORGIA DEPARTMENT | : |
| OF CORRECTIONS, *et al.*, | : |
| | : |
| Defendants. | : |

# ORDER

Plaintiff Marvin Young filed a *pro se* civil rights action under 42 U.S.C. § 1983 while confined in the Georgia Diagnostic and Classification Prison. Compl., ECF No. 1. On January 31, 2018, Magistrate Judge M. Stephen Hyles ordered Plaintiff to (1) submit an account certification in support of his motion to proceed *in forma pauperis* and (2) file a recast complaint if Plaintiff wished to proceed with this action. Order to Recast 3, ECF No. 8. The Magistrate Judge afforded Plaintiff twenty-one (21) days to respond and cautioned Plaintiff that failure to fully comply with the Court's directives would result in dismissal of Plaintiff's Complaint. *Id*. at 3-4. Thereafter, Plaintiff filed a recast complaint (ECF No. 9) and renewed motion to proceed *in forma pauperis* (ECF No. 10) as directed.

On April 6, 2018, the Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis*, assessed Plaintiff an initial partial filing fee of $6.93, and afforded Plaintiff

a second opportunity to supplement his Complaint with additional factual allegations. Order, ECF No. 11. Plaintiff filed an untimely motion for extension of time to respond, which the Magistrate Judge granted on May 11, 2018. Order Granting Mot. for Ext. of Time, ECF No. 13. The extended deadline elapsed without response from Plaintiff, and the Magistrate ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's directives. Order to Show Cause, ECF No. 14. Plaintiff was afforded twenty-one days to respond and again cautioned that a failure to comply with the Court's directives would result in the dismissal of his Complaint.

As of today's date, the twenty-one (21) day deadline has passed without response from Plaintiff, and it has been over four months since the Magistrate Judge first directed Plaintiff to submit an initial partial filing fee. Plaintiff has repeatedly failed to respond to orders of this Court, and he has not diligently pursued this case. Furthermore, a query of the Georgia Department of Corrections' "Find and Offender" online database suggests that Plaintiff was released from custody on July 13, 2018. For these reasons, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.[1] *See* Fed. R. Civ. P. 41(b); *Brown v.*

---

[1] It appears the statute of limitations may have run or is about to run. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). *But see Scott v. Muscogee Cty., Ga.*, 949 F.2d 1122, 1123 (11th Cir. 1992) (Georgia's renewal statute (O.C.G.A. § 9-2-61) may apply in a 42 U.S.C. § 1983 action). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct."

*Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))).

**SO ORDERED**, this 31st day of August, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

*Stephenson*, 554 F. App'x at 837 (citations omitted). The Magistrate Judge assessed Plaintiff an initial partial filing fee of $6.93 on April 6, 2018, and afforded Plaintiff an opportunity to supplement his Complaint. Order, ECF No. 11. Thereafter, Plaintiff sought and was granted an extension of time to pay the fee. Order Granting Mot. for Ext. of Time, ECF No 13. When Plaintiff failed to comply with the extended deadline, the Magistrate Judge then provided Plaintiff an additional twenty-one days to respond or explain his failure to comply. Order to Show Cause, ECF No. 14. All three orders informed Plaintiff that if he failed to comply with the Court's directives, his Complaint would be dismissed. At this point, it appears that Plaintiff has simply chosen not to pursue his case or respond to the Court's orders and a lesser sanction would not suffice. *See Hickman v. Hickman*, 563 F. App'x 742 (11th Cir. 2014) (upholding sua sponte dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862 (11th Cir. 2008) (same).